UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREGORY HINCKLEY, ) | |
| ) | Case No. 3:05-CV-02082 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE ANN ALDRICH |
| ) | |
| CHRISTINE MONEY, Warden, ) | Magistrate Judge David Perelman |
| ) | |
| Respondent. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |

In December 2002, petitioner Gregory Hinckley ("Hinckley") was indicted by the Huron County Grand Jury on six counts – two counts each of robbery and aggravated robbery, one count of possession of a weapon under disability, and one count of aggravated drug possession. Hinckley was indicted on two more charges for tampering with evidence and attempted tampering with evidence in February 2003. Both indictments were consolidated, and Hinckley pleaded not guilty to all eight counts. Hinckley proceeded to trial on all eight counts in April 2003, and was found guilty by a jury on all counts save the drug possession count, which was dismissed prior to the jury's deliberations. The trial court sentenced Hinckley to an aggregate term of 14 years, 11 months incarceration following the jury verdict in June 2003.

Hinckley timely appealed his conviction to the Ohio Court of Appeals, which affirmed his conviction and sentence in August 2004. Hinckley did not appeal that result to the Ohio Supreme Court. He did file a *pro se* petition for post-conviction relief in May 2004, which was denied by the trial court in July 2004. Hinckley did not appeal that decision. In October 2004, Hinckley filed a *pro se* application to reopen his appeal with the Ohio Court of Appeals. The appeals court denied that

application in December 2004. Hinckley appealed the denial of his application to reopen to the Ohio Supreme Court in January 2005, but the Ohio Supreme Court denied leave to appeal in April 2005. Following another petition for post-conviction relief in state court which was denied in February 2005, Hinckley filed the instant *pro se* petition for federal habeas relief pursuant to 28 U.S.C. § 2254 [Docket No. 1] in August 2005. The petition was referred to Magistrate Judge Perelman for a report and recommendation ("R&R"), which was filed in June 2006 [Docket No. 16]. Magistrate Judge Perelman recommended that Hinckley's petition be dismissed because all of his claims had been procedurally defaulted. Hinckley has filed an objection to the R&R [Docket No. 17].

Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the magistrate judge's disposition to which specific objections have been made. Accordingly, Local Rule 72.3 (b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." A district judge "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id*.

Hinckley's objection challenges only the R&R's finding that his subject matter jurisdiction claim was procedurally defaulted. In this respect, Hinckley is correct, because "[a] jurisdictional defect cannot be waived or procedurally defaulted." *Goode v. United States*, 305 F.3d 378, 386 (6th Cir. 2002) (citation omitted); *see also Lott v. Coyle*, 261 F.3d 594, 609-10 (6th Cir. 2001). Hinckley alleges that the Huron County Court of Common Pleas lacked jurisdiction to render judgment against him because the criminal complaint originally filed with the municipal court did not comply with Ohio Crim. R. 3. While failure to comply with Rule 3 is considered jurisdictional in Ohio, that matters only if Hinckley

were convicted and sentenced on the defective complaint; he was not. Hinckley was convicted and sentenced on an indictment which he does not challenge in this court. Therefore, any jurisdictional defect caused by the non-compliant complaint is not cognizable because Hinckley was convicted and sentenced upon indictment. *Thorton v. Russell*, 694 N.E.2d 464, 465 (Ohio 1998) (citation omitted).

Thus, even though Hinckley is correct that his challenge to subject matter jurisdiction could not be procedurally defaulted, his actual claim lacks merit. Therefore, Hinckley's objection does not provide the court with any reason to reject the conclusion in Magistrate Judge Perelman's well-reasoned and thorough R&R [Docket No. 16] that Hinckley's habeas petition should be dismissed. The court adopts the R&R, finds that Hinckley's first claim for relief lacks merit for the reasons stated above, finds that Hinckley's remaining claims are procedurally defaulted for the reasons stated in the R&R, and dismisses the petition for habeas corpus [Docket No. 1]. The case is dismissed.

This order is final, but not appealable, as the court certifies pursuant to 28 U.S.C. § 2253(c)(2) that Hinckley has not made a substantial showing of the denial of a constitutional right, and declines to issue a certificate of appealability for this order.

IT IS SO ORDERED.

    /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated:** March 9, 2007